NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re SAMUEL WEBB,**
*Petitioner*

---

2024-114

---

On Petition for Writ of Mandamus to the United States Court of Federal Claims in No. 1:15-vv-00803-VJW, Senior Judge Victor J. Wolski.

---

**ON PETITION**

---

PER CURIAM.

### O R D E R

Samuel Webb petitions for a writ of mandamus asking this court to direct the United States Court of Federal Claims to reopen his case seeking compensation under the National Childhood Vaccine Injury Act ("Vaccine Act"), 42 U.S.C. §§ 300aa-10 to -34.

In 2015, Mr. Webb filed a petition at the Court of Federal Claims seeking compensation for an injury he alleged was the result of a flu vaccine. After holding several status conferences, allowing Mr. Webb to amend his petition and submit additional evidence, and allowing the government

to submit a supplemental report, the Special Master denied Mr. Webb's claim for lack of causation.

The Court of Federal Claims sustained the Special Master's decision. Relevant here, the court rejected Mr. Webb's argument that the Special Master violated his due process rights by failing to hold another status conference after allowing the government to submit its supplemental report. On appeal, we affirmed. *Webb v. Sec'y of Health & Hum. Servs.*, No. 2021-2276, 2022 WL 1073216, at \*5 (Fed. Cir. Apr. 11, 2022). The Court of Federal Claims has since denied Mr. Webb's motions for relief from judgment based on the same due process challenge, which Mr. Webb did not timely appeal. He now petitions this court, raising the same challenge.

Mandamus is "reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted). Thus, a petitioner must show that: (1) he has a clear and indisputable right to relief; (2) he does not have any other adequate method of obtaining relief; and (3) the "writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citation omitted). Mr. Webb has not satisfied this standard. Mr. Webb seeks to relitigate the same due process issue that was already considered and rejected in his prior appeal. Mandamus review does not afford him a second bite at the appellate apple.

Accordingly,

IN RE WEBB　　　　　　　　　　　　　　　　　　　　　　　　　　3

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

April 1, 2024
Date